IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARCUS TROY MOODY,<br><br>Defendant/Petitioner. | Case Nos. 4:19-cr-51-1<br>4:22-cv-66 |

## MEMORANDUM OPINION & ORDER

Before the Court is Petitioner Marcus Troy Moody's "Motion to Compel Attorney Tyrone Johnson to Surrender the Case File in No. 4:19-cr-51." ECF No. 140. For the reasons explained below, the motion is **GRANTED**.

On June 6, 2022, the petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, based on alleged ineffective assistance of counsel. ECF No. 125 (motion), 134 (memorandum). On September 26, 2022, the petitioner filed the instant motion to compel, seeking access to the complete case file kept by his former counsel, Tyrone C. Johnson. ECF No. 140. The motion alleges that the petitioner requested the file twice but received no response from Attorney Johnson. *Id.* ¶¶ 1, 3.

Rule 6(a) of the Rules Governing § 2255 Proceedings provides that a petitioner may engage in discovery only "if, and to the extent that, the judge in the exercise of [their] discretion and for good cause shown grants [the petitioner] leave to do so, but not otherwise." *United States v. Roane*, 378 F.3d 382, 402 (4th Cir. 2004). "Good cause for discovery exists when a petition . . . establishes a *prima facie* case for relief." *Id.*

at 402–03 (quoting *Harris v. Nelson*, 394 U.S. 286, 290 (1969)) (cleaned up). "Specifically, discovery is warranted, where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Roane*, 378 F.3d at 403 (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)) (cleaned up).

The Court will not opine at this juncture as to whether the petitioner is likely to ultimately meet the high standard for vacating a conviction due to ineffective assistance of counsel. However, the Court finds that the petitioner has made a *prima facie* case for relief under 28 U.S.C. § 2255. Specifically, the petitioner's allegations under Ground One, related to Attorney Johnson's advice regarding the government's plea offer, lead the Court to believe it is possible that the contents of Attorney Johnson's case file *could* help the petitioner demonstrate that he is entitled to relief. *See* ECF No. 125 at 4; ECF No. 134 at 2–5. Thus, the petitioner has shown good cause for the discovery he seeks.

Accordingly, the petitioner's motion to compel is **GRANTED**.

Attorney Johnson is **ORDERED** to provide a complete and accurate copy of his entire case file in this matter to counsel for the petitioner and to the government within 10 days after this Opinion and Order is entered.

Counsel for the petitioner is **DIRECTED** to file a supplemental memorandum in support of the petitioner's motion to vacate, set aside, or correct his sentence (ECF No. 125) within 15 days after receipt of Attorney Johnson's complete case file, if such a filing is warranted.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to Attorney Johnson and to all counsel of record.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
March 20, 2024